## THE WHITE SEAL.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1912.)

No. 1,986.

SEAMEN (§ 26*)—WAGES—WRONGFUL DISCHARGE.

Evidence considered, and *held* to sustain a finding that libelant was discharged without cause from his position as chief engineer of a steamer before the end of his contract term, and entitled to recover wages to the end of the term, less his earnings.

[Ed. Note.—For other cases, see Seamen, Dec. Dig. § 26.*]

Appeal from the District Court of the United States for the Fourth Division of the Territory of Alaska.

Suit in admiralty by A. D. Smith against the steamer White Seal; G. P. Sproul, owner, claimant. Decree for libelant, and claimant appeals. Affirmed.

The appellee in his libel alleged that on March 16, 1909, he and the claimant, who was the managing owner of the steamer White Seal, entered into a written contract, whereby the appellee was to act as chief engineer of that steamer for a period of six months, commencing at the date of his departure from Seattle; that his salary was to be $1,500, payable in six equal monthly installments of $200 each, the balance of $50 per month to be paid him at the expiration of the six months; that on March 26, 1909, he entered upon the discharge of his duties under the contract, and on August 1, 1909, he was discharged without cause, and was paid $1,050. He alleged that from the 1st to the 28th of August he was out of employment, and was compelled to expend the sum of $81 for board and lodging; that under the contract the claimant agreed to pay him $100 per month from the close of the six-month period of service to the date of his arrival at Seattle, November 14, 1909, amounting to $170, as well as the transportation expenses from Fairbanks to Seattle, which in all, according to the libel, amounted to $248. The appellee demanded $949, less $204, which latter sum of money he alleged he had been able to earn by work performed by him on the steamer Martha Clow. The answer denied that the appellee was wrongfully discharged, and alleged that he had failed to perform his duties, that he worked against the best interests of the steamer, and was guilty of insubordination and was insolent to the claimant, who was the owner and mate of the boat, and for those reasons he was discharged. The court below found that the appellee had in all respects complied with the contract, and had been discharged without sufficient cause, and awarded him $450, the difference between the $1,500 agreed upon and the $1,050 paid him, and the further sum of $125, which would have been the cost of his transportation to Seattle at the expiration of the six months, the period of service agreed upon in the contract.

William Thomas, Robert H. Frick, Louis S. Beedy, and James Lanagan, for appellant.

H. W. Hutton, for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). We find no ground for disturbing the conclusion reached by the court below that the appellee was wrongfully discharged. That conclusion was reached upon the consideration of testimony which was taken in open court, and the record does not sustain the contention that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court erred in so finding. The appellee, it is true, on one or two occasions, used rough language, and was insolent toward the owner of the boat, who was also the mate, but the offense so committed does not seem to have been seriously considered at the time, and when the appellee was discharged some six weeks later, at the time when all the other employés of the boat were discharged, and the boat was laid up, the controlling reason for his discharge is found in those facts, rather than in his insubordination and breach of duty, which occurred six or seven weeks before.

It is contended that the court below committed error in finding the amount due the appellee. It is not denied that, if he was wrongfully discharged, he was entitled to $450, the unpaid balance of the agreed upon compensation for six months' service, less any sum he could have earned in the period between August 1st and September 25th. Under the contract, he was entitled to his wages at $100 a month from September 25th to the date of his arrival at Seattle, and also to the cost of his transportation to Seattle. He testified, and there is no evidence to the contrary, that from the 1st to the 28th of August he could find no employment, and that the expense of his maintenance during that period was $81, and that he worked on the Martha Clow from the 28th of August to the 2d of October, and earned $204. When to the $450 admitted to be due under the contract there is added $125, the cost of transportation to Seattle, together with the wages which were due the appellee for the time engaged in returning to Seattle, and when from the sum of these amounts there is deducted the proportion of the net earnings of the appellee between the date of his discharge and September 25th, it will be found that the result is almost exactly that which was reached by the court below.

We find no error. The decree is affirmed, with interest and costs to the appellee.